# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TROY RAY EMANUEL JR., | Case No.: 2:25-cv-02287-JAD-NJK |
| Plaintiff, | **Order** |
| v. | |
| CASEWORKER, | |
| Defendant. | |

On November 18, 2025, *pro se* plaintiff Troy Ray Emanuel Jr., an inmate in the custody of the Nevada Department of Corrections, submitted a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis* ("IFP"). Docket Nos. 1, 1-1. Plaintiff's IFP application does not allow the Court to reliably evaluate his financial circumstances because the IFP application, financial certificate, and inmate trust fund account statement are all dated more than 16 months before Plaintiff filed the complaint.

This Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). As of December 1, 2023, the fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." LSR 1-1. For an inmate to apply for IFP status, the inmate must submit all three of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); LSR 1-2. IFP status does not relieve inmates of their obligation to

pay the filing fee, it just means that an inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Accordingly,

**IT IS ORDERED** that the outdated IFP application, Docket No. 1, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **January 26, 2026**, Plaintiff must either pay the full $405 filing fee or file an updated IFP application with all three required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a <u>new</u> case number, when Plaintiff can file a complete IFP application or pay the required filing fee.

The Clerk of the Court is **INSTRUCTED** to send Plaintiff Troy Ray Emanuel Jr. the approved IFP application for an inmate and instructions for the same, and to retain the complaint, Docket No. 1-1, but not file it at this time.

IT IS SO ORDERED.

DATED: November 26, 2025.

Nancy J. Koppe
United States Magistrate Judge